SUCCESS WAIST CO., INC., Respondent, *v.* THE WIGWAM COMPANY, Appellant.

First Department, April 29, 1921.

Sales — action by buyer for failure of seller to deliver — verdict for seller supported by evidence — credit sale on condition seller satisfied with buyer's financial standing — evidence as to buyer's standing inadmissible — seller sole judge of financial standing of buyer.

In an action by a buyer to recover damages on the failure of the seller of goods to deliver, in which there was a conflict in the evidence on the question whether or not the seller agreed to ship the goods immediately upon ten days' credit or whether shipment was to be made if credit of

buyer was satisfactory to seller, *held*, that a verdict in favor of the seller was supported by the evidence.

A letter written to the seller by a third person in response to the seller's inquiry as to the financial ability of the buyer, in which the writer stated that it regarded the buyer worthy of credit, was properly rejected when offered in evidence by the buyer.

It was proper for the court to charge that the seller was the sole judge whether or not it was satisfied with the buyer's financial standing and willing to give it credit.

APPEAL by the defendant, The Wigwam Company, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on or about the 28th day of June, 1920, setting aside the verdict in defendant's favor and directing a new trial upon the exceptions taken by the plaintiff at the trial.

*Guernsey Price* of counsel [*M. E. & G. W. Driscoll*, attorneys], for the appellant.

*Samuel Meyers* of counsel [*Frank J. McMann* with him on the brief; *Morris & Samuel Meyers*, attorneys], for the respondent.

MERRELL, J.:

The plaintiff is a New York corporation engaged in the manufacture of ladies' waists, and doing business in the city of New York. The defendant is also a domestic corporation, having its office and principal place of business at Syracuse, Onondaga county, N. Y. The action was brought to recover the sum of $1,500 damages claimed to have been sustained by the plaintiff by reason of the failure and refusal of the defendant to deliver to the plaintiff 15,000 yards of white cotton goods which the plaintiff claims the defendant sold and agreed to ship to the plaintiff. In substantiation of plaintiff's claim, its treasurer, one Adler, testified that on July 23, 1918, he was in the city of Syracuse representing the plaintiff as a traveling salesman, and that he was informed that the defendant had advertised for sale a quantity of white cotton cloth which the salesman conceived might be

used by his principal. Accordingly, in company with a resident of the city of Syracuse with whom he had been doing business and who was acquainted with the officers of the defendant, plaintiff visited defendant's place of business. He testified that samples of the cloth which he desired to purchase of the defendant were exhibited to him, and that he then entered into an agreement for the purchase of 15,000 yards thereof, and that it was agreed that said goods should be immediately delivered to the plaintiff upon a credit of " net cash ten days." Adler testified that defendant's representative told him that the goods would be shipped immediately, and that thereupon an order was made out which was signed by Adler. Adler further testified that the goods were not delivered as agreed, and that the defendant refused to deliver the same, although delivery thereof was thereafter repeatedly demanded by the plaintiff.

The defendant's representatives, who were present at the time Adler claims to have purchased the goods and at the time he testified defendant's representatives agreed to make immediate delivery thereof, testified that the sale was to be " net cash ten days, subject to the credit of the Success Waist Company being satisfactory " to the defendant. Defendant's secretary and treasurer, Greene, testified that on the occasion when Adler called he told him that if he found the plaintiff all right, they would be very glad to ship the goods; that Adler then asked Greene when the goods would be shipped, and that the latter replied that it would take probably five to seven days to look up the basis of credit of the plaintiff. The assistant manager of the defendant, one Germain, also testified in defendant's behalf as to the terms of the agreement, and that in the presence of said witness defendant's secretary and treasurer, Greene, told Adler that the defendant would ship the goods on credit, provided that plaintiff's credit was satisfactory.

Upon the evidence a sharp question of fact arose as to whether or not the defendant agreed to ship the goods, which, under the agreed price of eleven cents per yard, amounted to $1,650, immediately upon a ten days' credit, as claimed by Adler, or whether, as claimed by defendant's representatives,

delivery of the goods at the price mentioned was to be made only in case the financial condition of the plaintiff was, after investigation, satisfactory to the defendant.

The plaintiff introduced upon the trial the order for the goods, signed by its representative, Adler, and claimed that the order constituted the entire contract, whereas, it was the contention of the defendant that it was agreed that delivery was only to be made after the defendant and its representative Greene were satisfied as to the financial standing of the plaintiff. The evidence indicates that the defendant, both through the efforts of its treasurer, Greene, and others, made investigation as to the financial ability of the plaintiff, and that the defendant was not satisfied from such investigation that the plaintiff should be accorded the credit which it desired. On July 27, 1918, the defendant wrote the plaintiff concerning plaintiff's order for the goods in question that it had received reports concerning plaintiff's financial standing, and that upon the arrival of Mr. Greene, its treasurer, who was then out of town, the plaintiff would be advised regarding the same. Four days later, and on July 31, 1918, the defendant again wrote the plaintiff as follows:

> " *July* 31, 1918.

" SUCCESS WAIST CO.,
> " 101 Greene St.,
> > " New York City:

" GENTLEMEN.— Referring to the order which your Mr. Adler placed with us for 15,000 yards white goods, we hasten to advise you that upon receipt of New York Draft or certified check for the amount of this order, shipment will be made immediately.

> " Yours very truly,
> > " THE WIGWAM COMPANY,

" OHG-R.                                              " *Treas.*"

This letter very pointedly advised plaintiff that as the result of its investigations defendant had not been satisfied of plaintiff's financial ability and that defendant would not ship the goods on credit.

The following day the plaintiff replied to defendant's letter, as follows:

" SUCCESS WAIST CO., INC.,
    " Cotton Waists
    " exclusively
    " 101 Greene Street
    " Bet. Spring & Prince Sts.
                " NEW YORK, *Aug.* 1, 1918.
" THE WIGWAM CO., INC.,
        · " Syracuse, N. Y.:
    " GENTLEMEN.— Your kind favor of the 31st inst., to hand
and in reference to same wish to state that we would like
you to send us one piece, each, of the material bought, special
delivery. Upon receipt of same we will send you a certified
check for the entire shipment.
    " Thanking you for your prompt attention, we beg to
remain,
                " Very truly yours,
                    " SUCCESS WAIST CO., INC."

As a matter of fact, Adler, plaintiff's representative, had
already been furnished with samples of each of the two grades
of goods embraced in the order.

It seems to me that the correspondence above quoted
substantially supports the claim of the defendant that the
delivery of the goods ordered was to be made only upon
plaintiff's credit being established to the satisfaction of the
defendant; and from plaintiff's reply to defendant's letter of
July 31, 1918, it is apparent that the plaintiff did not claim
to be entitled to the goods under other terms than as claimed
by the defendant. The testimony of the plaintiff's witness
Adler is quite improbable. Business houses do not usually
sell and agree to deliver goods to entire strangers upon credit
without some investigation as to the financial ability of the
purchasers. The probabilities are all in support of the version
of defendant's representatives, Greene and Germain.

The court submitted to the jury the question of fact
arising upon the opposing claims of the parties, and the jury
found with the defendant. The court, thereupon, upon motion
of the plaintiff, set aside the verdict, and directed a new
trial of the issues, because of certain alleged errors which
the court conceived had occurred upon the trial. During the

course of the trial the plaintiff sought to introduce in evidence a letter from the defendant to the York Manufacturing Company, Inc., a New York corporation, making inquiry as to the financial responsibility of the plaintiff, and the reply thereto from the York Manufacturing Company to the defendant to the effect that the York Manufacturing Company had extended to the plaintiff a credit of $2,000 on seventy days' time, and that the plaintiff paid its obligations as agreed, and to the effect that it had an up-to-date financial statement from the plaintiff showing an increase in plaintiff's capital, and to the effect that it regarded plaintiff worthy of credit to the extent of $2,000. These letters were excluded by the trial court upon the trial.

The court, in granting a new trial, conceived that error was committed in the court's refusal to receive such evidence offered by plaintiff, upon the theory that the jury was entitled to such evidence of plaintiff's actual financial condition from which it might determine whether the claimed dissatisfaction of the defendant was genuine. The court, in setting aside the verdict, held that error had also been committed in charging the jury in effect that if the sale was made upon the understanding and agreement that delivery was only to take place after defendant had examined into plaintiff's affairs, and after defendant's treasurer had found the credit of the plaintiff to be satisfactory, then the jury could not hold the defendant liable, as the transaction involved the judgment of the seller, and that no one could oblige the defendant to be satisfied if, after investigation, it felt itself justly dissatisfied.

I think no error was committed by the court, either in the exclusion of the testimony offered or in the instructions to the jury. I know of no rule of law which compels a seller of merchandise to accept as a customer any one whom he does not desire to trust. I do not think the question here depends at all upon whether the defendant arbitrarily refused credit to the plaintiff or not. If the defendant's witnesses are to be believed, delivery of the goods was to be only in case the defendant was satisfied upon investigation as to the financial responsibility of the plaintiff. Under the contract it remained entirely with the defendant to say when and under what conditions it would extend to plaintiff the credit which it

desired.    The correspondence which the plaintiff sought to introduce in evidence, and from which plaintiff claimed the defendant should have been satisfied with relation to plaintiff's financial responsibility, really proved nothing.    The fact that some other business concern had had satisfactory business dealings with the plaintiff and that in the opinion of such other concern the plaintiff was worthy of the credit which it sought, was not any evidence of plaintiff's sound financial standing, and might well have fallen far short of satisfying defendant with relation thereto.    After its investigations the defendant was, in fact, dissatisfied with plaintiff's financial standing, and promptly advised the plaintiff that it would ship the goods ordered upon receipt of cash payment therefor. I think the defendant was entirely justified in assuming such position and in refusing to deliver the goods upon the credit which the plaintiff asked.    (*Crawford* v. *Mail & Express Publishing Co.*, 163 N. Y. 404.)    I think a fair question of fact arose from the evidence, and that the issues were fairly presented by the trial court to the jury, and that no substantial error occurred upon the trial which required the verdict of the jury to be set aside.

I think, therefore, that the court erred in granting the order appealed from, and that the same should be reversed, with costs and disbursements, and the verdict of the jury reinstated, and plaintiff's complaint dismissed, with costs, and that the defendant should recover of the plaintiff the costs of this appeal. .

DOWLING, LAUGHLIN, PAGE and GREENBAUM, JJ., concur.

Order reversed, with costs, verdict reinstated and judgment directed on verdict dismissing the complaint, with costs.